UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| MOHAMMED ABDALLAH OMRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00190-DBH |
| | ) | |
| PHILIP BLEEZARDE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION AND ORDER**

In this action, Plaintiff Mohammed Abdallah Omran alleges, inter alia, that his court-appointed counsel, Defendant Andrew Schulman, committed legal malpractice and violated Plaintiff's constitutional rights by filing a motion to dismiss a federal grand jury indictment contrary to Plaintiff's instructions. [1]

The matter is before the Court on the Motion to Dismiss (ECF No. 6) of Defendant Schulman (hereinafter "Defendant"), and Plaintiff's Motion to Amend Complaint (ECF No. 24). [2] Given the lack of opposition to Plaintiff's motion to amend, and given that the matter is in its initial stages, Plaintiff's motion to amend is granted. [3]

---

[1] Plaintiff alleges that Defendant is "liable for legal malpractice, negligence, abuse of process, and discrimination." He also asserts that he was deprived of "equal protection of the law," and that Defendant violated "plaintiff's Sixth Amendment Constitutional right." (Amended Complaint ¶ 30.)

[2] The Court referred the motions.

[3] The amended complaint attached to Plaintiff's motion is accepted for filing as the amended complaint. Because the amended complaint does not materially alter the analysis of Defendant's motion to dismiss, I will consider Defendant's Motion to Dismiss as Defendant's response to the amended complaint, and will assess the merits of Defendant's motion in light of Plaintiff's allegations in the amended complaint.

In support of his motion to dismiss, Defendant argues that dismissal is warranted because Plaintiff fails to state a claim for which relief may be granted and because Plaintiff's claim is barred by the doctrine of res judicata. As explained below, following a review of the pleadings, and after consideration of the parties' arguments, I recommend that the Court grant Defendant's motion to dismiss (ECF No. 6), and dismiss Plaintiff's claim against Defendant Schulman.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must accept as true all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences that can be drawn from the facts. *Cardigan Mountain Sch. v. New Hampshire Ins. Co.*, 787 F.3d 82, 87 (1st Cir. 2015). To overcome the motion, the plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim alleged. *Cooper v. Charter Commc'ns Entm'ts I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014).

Defendant's assertion that res judicata, or claim preclusion, bars this suit, can also be adjudicated on a motion to dismiss. *Sutliffe v. Epping Sch. Dist.*, 627 F. Supp. 2d 41, 44 (D.N.H. 2008), *aff'd,* 584 F.3d 314 (1st Cir. 2009). To obtain dismissal based on claim preclusion, Defendant must "conclusively establish" the defense through comparison of the current complaint allegations and matters of public record connected with a prior litigation. *Id.*

## BACKGROUND

In his amended complaint, Plaintiff alleges that Defendant, who was appointed to represent him in defense of a federal criminal charge, offered to file a motion to dismiss the indictment against Plaintiff, received instruction from Plaintiff not to make the filing, but nevertheless filed

the motion.  More specifically, consistent with the findings made by the Court in the prior litigation (civil case number 1:14-cv-00505), Plaintiff alleges: that he asked Defendant to file a motion to suppress based on a *Franks* violation; that Defendant did not file the motion to suppress; that Defendant offered to file a motion to dismiss instead; that Plaintiff clearly instructed him not to file the motion to dismiss; that Defendant filed the motion to dismiss; that Defendant withdrew as counsel after Plaintiff sought his dismissal and filed charges against him with the Attorney Discipline Office; that the government then filed its own motion to dismiss; and that the Court granted the government's motion.  (Amended Complaint ¶¶ 18 – 23, ECF No. 24-1.)

Plaintiff also asserts that he suffered harm as the result of Defendant's action because a *Franks* hearing would have resulted in the return of personal property that was seized by the government.  In addition, Plaintiff alleges that Defendant did not abide by his wishes because of Plaintiff's race, ethnicity and/or national origin.  (*Id.* ¶ 30.)

A review of Plaintiff's amended complaint reveals that Plaintiff's claim is based on the same set of facts as the claim that Plaintiff previously asserted against Defendant.  In the prior civil case, Plaintiff alleged, ostensibly under the Federal Tort Claims Act (FTCA), that Defendant provided ineffective assistance of counsel while serving as a federal officer or agent.  Upon review of a recommended decision that was made in the context of a screening decision authorized under the federal in forma pauperis statute, 28 U.S.C. § 1915, and under amendments promulgated in the Prison Litigation Reform Act, 28 U.S.C. § 1915A, the Court dismissed Plaintiff's claim.[4]

---

[4] The reasoning of the recommended decision included that Plaintiff failed to state a claim for which relief may be granted because a private attorney on the CJA panel is not a federal agent for purposes of the FTCA, because Plaintiff had not alleged facts that would support a finding of a conspiracy between Defendant and a federal officer to deprive Plaintiff of a federal right, and because Plaintiff had failed to allege facts that would support a finding that Plaintiff was prejudiced as the result of Defendant's representation. *Abdallah Omran v. United States*, No. 1:14-cv-00505, 2015 WL 570723 (D.N.H.) (Report and Recommended Decision, ECF No. 11, Order Approving Report and Recommended Decision, ECF No. 14).

The Clerk entered judgment on February 11, 2015.  An appeal of the screening decision is pending before the First Circuit Court of Appeals.

DISCUSSION

To prevail on his res judicata argument, Defendant must establish, among other elements, that the prior action was resolved on the merits.[5]  Often the dismissal of an action under the in forma pauperis statute is treated not as a dismissal on the merits, but as a mere denial of in forma pauperis status.  *Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997).  While this rule might not be uniformly adopted, the Court need not determine whether the dismissal of the prior action constitutes a determination on the merits.  Regardless of the application of the doctrine of *res judicata*, Plaintiff has failed to state a claim upon which relief can be granted.

In a legal malpractice action, a plaintiff must demonstrate (1) that an attorney-client relationship existed that imposed a duty on the attorney to exercise reasonable professional care, skill and knowledge in providing legal services to the plaintiff; (2) a breach of that duty; and (3) resulting harm.  *Yager v. Clauson*, 166 N.H. 570, 572-73, 101 A.3d 6, 9 (2014).

In this case, Plaintiff does not complain about and could not reasonably complain about the ultimate result (i.e., dismissal) that Defendant helped Plaintiff achieve in the underlying criminal matter.  Instead, the gravamen of Plaintiff's complaint is that Defendant failed to file a

---

[5] As explained by the First Circuit:

> Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action.  *See Gonzalez v. Banco Cent. Corp.,* 27 F.3d 751, 755 (1st Cir.1994).  "Accordingly, the elements of res judicata are (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  *Id.*

*Haag v. United States*, 589 F.3d 43, 45 (1st Cir. 2009).

motion to suppress, which motion, according to Plaintiff, would have resulted in a return of Plaintiff's property that was illegally seized.

Plaintiff's alleged facts cannot support a plausible finding that Plaintiff was harmed by Defendant's representation.  First, a successful prosecution of a motion to suppress would not necessarily have resulted in the return of the seized property.  More importantly, the dismissal of the criminal matter is not an impediment to Plaintiff seeking the return of seized property under Rule 41(g) of the Federal Rules of Criminal Procedure.  A district court may exercise jurisdiction over a motion for return of property even when no criminal proceedings are pending.  *See United States v. Peloro,* 488 F.3d 163, 172 (3d Cir. 2007).  "When a Rule 41(g) motion is filed after the criminal proceedings have ended, … the motion is treated as a civil proceeding for equitable relief."  *Perez-Colon v. Camacho*, 206 Fed. App'x 1, 2 (1st Cir. 2006).[6]  Because the same procedure by which Defendant would seek a return of Plaintiff's property – a motion for the return of property pursuant to Fed. R. Crim. P. 41(g) – remains available to Plaintiff, Plaintiff cannot establish the harm necessary to sustain the legal malpractice action that he has attempted to assert against Defendant Schulman.

Plaintiff's contention that Defendant's representation deprived him of or violated certain constitutional rights is also deficient.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs'

---

[6] Because Plaintiff was not harmed by Defendant's alleged malpractice, Plaintiff's recent allegation of bias does not independently state a claim.  Moreover, the allegation of bias is wholly conclusory and need not be credited by the Court.  *HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 576 (1st Cir. 2014).

entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14 (2007)).   Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).   *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Here, Plaintiff's assertions of constitutional violations are largely conclusory.   The only facts that he alleges are that, contrary to his instructions, Defendant filed a motion to dismiss and not a motion to suppress.   Even if a plausible basis existed to treat Defendant as a governmental actor[7] (there is none, as was explained in the earlier case[8]), or if Plaintiff's allegations were construed to attempt to assert a claim under 42 U.S.C. § 1981, a reasonable strategic decision by counsel cannot be the basis of a constitutional violation, and does not deprive the client of the benefits of the counsel relationship.   *United States v. Natanel*, 938 F.2d 302, 310 (1st Cir. 1991) ("[T]he performance standard is that of reasonably effective assistance under the circumstances then obtaining.") (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).   Simply stated, Plaintiff has not alleged any facts that could support a claim based on a constitutional violation.

---

[7] "The Constitution's protections of individual liberty and equal protection apply in general only to action by the government." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991).   Moreover, although private action can be imbued with state authority under some circumstances, *see, e.g., id.* at 620 (concerning the exercise of peremptory challenges by a private litigant), the Defendant's conduct of which Plaintiff complains did not prejudice Plaintiff's rights in connection with the underlying criminal case.

[8] *Abdallah Omran v. United States*, No. 1:14-cv-00505, 2015 WL 570723, at *6 – 7 (D.N.H.) (Recommended Decision at 11 – 12).

**CONCLUSION**

Based on the foregoing analysis, Plaintiff's Motion to Amend (ECF No. 24) is granted.  In addition, I recommend that the Court grant Defendant Schulman's motion to dismiss (ECF No. 6), and dismiss Plaintiff's claim against Defendant Schulman.

**NOTICE**

Any objection to this Recommended Decision and Order shall be filed in accordance with Rule 72 of the Federal Rules of Civil Procedure.

With respect to the order on non-dispositive matters (the motion to amend), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy.

A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.  Fed. R. Civ. P. 72(b)(2).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of August, 2015.