UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MOHAMMED ABDALLAH OMRAN,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | 1:15-cv-00190-DBH |
| ) | |
| PHILIP BLEEZARDE, *et al.*,    ) | |
| ) | |
| Defendants.    ) | |

### RECOMMENDED DECISION ON MOTIONS TO DISMISS

In this action, Plaintiff alleges Defendants violated his civil rights and engaged in tortious conduct in connection with an investigation and criminal proceedings involving Plaintiff. The matter is before the Court on the motions to dismiss of Defendants Frichittavong (ECF No. 52) and Noronha (ECF No. 53). Plaintiff's motion to amend his complaint is also pending. (ECF No. 58.)

Following a review of the motions, and after consideration of the parties' arguments, I recommend the Court grant the motions to dismiss, and grant in part and deny in part the motion to amend.

### STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court "must assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). To overcome the motion, a

plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim(s) at issue. *Massachusetts Ret. Sys. v. CVS Caremark Corp.*, 716 F.3d 229, 237 (1st Cir. 2013).

When a plaintiff files a motion to amend in response to a motion to dismiss, the Court may deny the motion to amend, in whole or in part, if the proposed amendment would be futile. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Id.* In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim"). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Consequently, in assessing whether a plaintiff has asserted a cause of action, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

**BACKGROUND**

The facts set forth herein are derived from Plaintiff's proposed second amended complaint (ECF No. 58-1), which includes slightly more factual detail than Plaintiff's first amended complaint (ECF No. 30). Plaintiff's factual allegations are deemed true when evaluating the motions to dismiss.[1] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

On August 28, 2012, when Plaintiff was traveling on his way to work, a local police officer stopped Plaintiff's vehicle. (ECF No. 58-1, ¶ 9.) During the traffic stop, the police officer contacted an immigration agent by phone, and asked Plaintiff to speak with the agent. (*Id.*) The agent questioned Plaintiff, and asked him to meet him at the local police office. (*Id.*) Plaintiff elected not to meet with the agent and not to report to work that day. (*Id.*)

The immigration agent subsequently appeared at Plaintiff's place of work where, according to Plaintiff, the agent "conspired with defendant Marian Noronha, and defendant Darika Frichittavong to call the plaintiff and ask him to come to work." (*Id.* ¶ 10.) Defendants Frichittavong and Noronha are employed by Plaintiff's former employer. (*Id.* ¶¶ 7, 8.)

Plaintiff asserts that Defendant Frichittavong called him, either on August 28 or 29, 2012, persuaded him to come to work, and then reported to the agent when Plaintiff was expected to arrive at work. (*Id.* ¶ 11.) Immigration agents arrested Plaintiff when he arrived at work on August 30. (*Id.*) Plaintiff alleges that Defendant Frichittavong involved Defendant Noronha in the alleged conspiracy to ensure that Plaintiff would be arrested when he arrived, and further alleges that Defendants allowed immigration agents "to wait in ambush … inside their facility." (*Id.*)

---

[1] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

Plaintiff asserts that Defendants Frichittavong and Noronha "acted as government agents" and "share the responsibility and the liability" because he would not have been arrested but for their participation.  (*Id.* ¶ 28; *see also* Amended Complaint ¶¶ 9, 24, ECF No. 30.)

## DISCUSSION

Defendants Frichittavong and Noronha argue that dismissal is appropriate because (1) Plaintiff's claim consists of mere conclusory allegations of conspiracy, which allegations are not entitled to the presumption of truth, and (2) Plaintiff has failed to allege any underlying unlawful conduct as the object of the alleged conspiracy.  (ECF Nos. 52, 52-1, 53, 53-1.)  Plaintiff contends that "[b]y acting as agents and instruments for the government agents, when they agreed to cooperate … to have plaintiff arrested inside their facility, defendants … must share the responsibility of any illegal conduct by the government agents that ensues after the arrest, as the arrest could not have happened without their cooperation."  (ECF No. 57 at 1.)

"A civil rights conspiracy as commonly defined is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages."  *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir. 1988) (internal quotation marks omitted).[2]  Defendants' alleged cooperation with an immigration investigation does not constitute a civil conspiracy, particularly given the lack of alleged facts which suggest that Defendants knew, or should have known, that any of the alleged actions of law enforcement officials was unlawful.

---

[2] A civil conspiracy under New Hampshire law is similar, requiring, inter alia, "an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means."  *Jay Edwards, Inc. v. Baker*, 534 A.2d 706, 709 (N.H. 1987).  To the extent Plaintiff is attempting to assert a tort claim, therefore, the same analysis would apply.

In short, Plaintiff has not alleged facts in his original complaint or in his proposed amended complaint that would support a plausible civil conspiracy claim against Defendants Frichittavong and Noronha. Accordingly, Plaintiff's motion to amend his complaint as to Defendants Frichittavong and Noronha would be futile, and dismissal of Plaintiff's claim Defendants Frichittavong and Noronha is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant Defendant Frichittavong's motion to dismiss (ECF Nos. 52); grant Defendant Noronha's motion to dismiss (ECF No. 53); deny in part, as futile, Plaintiff's motion to amend (ECF No. 58) to the extent Plaintiff seeks to amend the claim asserted against Defendants Frichittavong and Noronha; and otherwise grant Plaintiff's motion to amend.[3]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of March, 2016.

---

[3] Although a motion to amend is within the magistrate judge's authority, *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000), because the motion relates at least in part to an assessment of Defendants' motions to dismiss, which is addressed in this recommended decision, I concluded that it was appropriate to issue a recommended decision on the motion, to afford the Court, in the event a party objects to this recommended decision, the opportunity to apply the same standard of review for each of the recommended determinations herein.