UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MOHAMMED ABDALLAH OMRAN,   )
                                   )
     Plaintiff,                )
                                   )
     v.                      )     1:15-cv-00190-DBH
                                   )
PHILIP BLEEZARDE, et al.,       )
                                   )
     Defendants.             )

**RECOMMENDED DECISION
AND ORDER ON PENDING MOTIONS**

In this action, Plaintiff alleges Defendants violated his constitutional rights in connection with the search and seizure of his property in 2012. The gravamen of Plaintiff's claim is that Defendants made false representations when they obtained a search warrant for some of his personal property. The matter is before the Court on a number of motions, including several dispositive motions.[1]

**BACKGROUND**

Plaintiff is in the custody of the Department of Homeland Security, Immigration and Custom Enforcement, following an arrest on August 30, 2012. After his arrest, Plaintiff was a defendant on federal criminal charges, which charges were dismissed on the Government's motion. Subsequently, Plaintiff filed federal civil actions in this Court and in the District of Massachusetts in which actions he claimed that the investigating and arresting federal officers violated his Fourth Amendment rights and that other Defendants, including the federal defender, his court-appointed counsel, and a United State District Court Judge, conspired with the arresting

---

[1] Because many of the motions are relevant to each other, I have addressed all of the motions in one order.

officers to deprive Plaintiff of his rights because he is an Egyptian national.  This Court and the District of Massachusetts dismissed many of Plaintiff's claims upon an initial review pursuant to 28 U.S.C. §§ 1915 and 1915A.

DISCUSSION

A.      **Summary Judgment Motions**

      *1.      Defendants' Motion for Summary Judgment (ECF No. 68)*

Plaintiff alleges that following his arrest on immigration charges, Defendants Bleezarde and Galway searched and seized Plaintiff's property from two locations, without a warrant and in the absence of permission, yet subsequently submitted to the court a search warrant application and affidavit in which they falsely represented that they had not already searched the property. After obtaining a warrant, Defendant Clouthier allegedly searched the computers Defendants seized.[2]

Plaintiff alleges that Defendants Bleezarde and Galway violated his rights when they seized and searched his personal property that was held by two individuals, Karen Bisson and Shirley Williamson.  Plaintiff previously rented a room from Ms. Bisson on property she owned in Methuen, Massachusetts.  In support of their motion for summary judgment, Defendants filed a declaration from Ms. Bisson in which declaration Ms. Bisson asserts that she conducted an independent search of Plaintiff's computer and alerted authorities because she was concerned about some of the content of the computer.[3]  (Defendants' Declaration of Karen Bisson, ECF No. 68-3.)  According to Ms. Bisson, Defendants Bleezarde and Galway visited the property on

---

[2]  The seized property consists of one or more computers and evidently also includes other electronic media.

[3]  In her sworn declaration, Ms. Bisson stated that after learning on September 22, 2012, that Plaintiff had been arrested, on September 23, 2012, she began packing up his belongings and located a document containing several passwords.  She then accessed Plaintiff's Sony laptop using one of the passwords.  (ECF No. 68-3, ¶ 6.)

2

September 24, 2012, and "took the Sony Viao laptop, along with a few other items and provided me with a receipt for the property." (*Id.* ¶ 7.)  Defendants argue they are entitled to summary judgment because Ms. Bisson's declaration conclusively establishes that they did not falsify the search warrant application.

Plaintiff maintains in his unsworn opposition that, based on a phone conversation with Ms. Bisson, the declaration filed by Defendants is not authentic.  In opposition to Defendants' motion, Plaintiff filed two declarations, one purportedly signed by Ms. Bisson and one purportedly signed by Ms. Williamson, who held some of Plaintiff's property at her residence in New Durham, New Hampshire.  (ECF No. 78.)  According to the declarations filed by Plaintiff, Defendants Bleezarde and Galway contacted the witnesses and pressured them to permit the searches and turn over Plaintiff's property.  (*Id.*)  Ms. Williamson's declaration includes a receipt for seized property consisting of a laptop computer and other electronic media.  (*Id.*)  Both declarations are executed by means of "/s/ signatures" rather than inked signatures.  The declaration filed by Defendants includes Ms. Bisson's "inked signature."   Plaintiff maintains that the declarations filed by Defendants demonstrate that the search warrant applications are false.

### 2.    *Plaintiff's Motion for Summary Judgment (ECF No. 81)*

Citing Ms. Williamson's declaration, Plaintiff argues that he is entitled to summary judgment on his claim to the extent his claim relates to the search and seizure conducted at Ms. Williamson's home.

Defendants contend summary judgment is not appropriate because Plaintiff did not have an expectation of privacy in property held by Ms. Williamson.  Defendants further assert that Plaintiff's allegations do not state a claim for relief and, therefore, request that the Court dismiss

the claim.  (ECF No. 134 at 3 – 4.)  In addition, Defendants did not search the computer or other media items obtained from Ms. Williamson.  (Bleezarde Affidavit, ¶ 14, ECF No. 134-1.)[4]

> 3.     *Plaintiff's Motion to Amend Motion for Summary Judgment (ECF No. 124)*

Plaintiff asserts that he seeks to amend his summary judgment motion to include all of the claims he has asserted against all of the Defendants regarding the alleged illegal search and seizure of his property.  In his proposed amended summary judgment motion, Plaintiff arguably attempts to introduce additional claims or claims against previously dismissed Defendants.

> 4.     *Defendants Marian Noronha and Darika Frichittavong's Motion to Strike (ECF No. 84)*

Because they have already been dismissed from this action, Defendants Marian Noronha and Darika Frichittavong ask the Court to strike Plaintiff's motion for summary judgment to the extent Plaintiff's request for summary judgment could be construed to seek summary judgment against them.

In addition to his motion for summary judgment, Plaintiff has filed several discovery motions, a motion for an evidentiary hearing, and several motions to amend the pleadings.  Because the motions relate to the summary judgment record and whether the motions for summary judgment address all of the pending claims, I will discuss the other motions before assessing the merits of the summary judgment motions.

## B.     Motion for Evidentiary Hearing/Motions for Discovery

Plaintiff requests an evidentiary hearing for the Court to consider testimony from Ms. Bisson, Ms. Williamson, Defendant Bleezarde, and Defendant Galway.  (Plaintiff's Motion for an Evidentiary Hearing, ECF No. 79.)  Plaintiff also filed a motion to compel the attendance of certain

---

[4]  Defendants' Motion to Extend Time to Object/Respond (ECF No. 131) is granted.

witnesses at oral depositions, including Ms. Bisson, Ms. Williamson, and all of the named Defendants.  Plaintiff supplemented his request with a motion for leave to depose eighteen persons by oral deposition rather than written.  (Plaintiff's Motion to Compel Attendance of Deponents, ECF No. 111.)  In addition, Plaintiff filed a motion to compel discovery, through which motion he requests the opportunity to obtain, inter alia, a copy of the search warrant affidavit, the warrant return, search warrant receipts, recordings of telephone conversations with Ms. Bisson, and email communications between the parties.  (Plaintiff's Motion to Compel Discovery, ECF No. 112.)  Finally, Plaintiff requests oral rather than written depositions.  (Plaintiff's Motion for Leave of Court to Depose by Oral Examination, ECF No. 113.)

Even if Plaintiff is in part seeking general discovery, at this stage of the proceedings (i.e., with Defendants' motion for summary judgment pending), Plaintiff's requests can reasonably be construed as a request pursuant to Federal Rule of Civil Procedure 56(d) to obtain information through discovery before the Court considers Defendants' motion for summary judgment.[5]  To obtain the relief provided by Rule 56(d), Plaintiff must show "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition."  *Id.*  The First Circuit has described the necessary showing, or proffer, and the standard of review, as follows:

> "[T]he proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment."  If the reason the party cannot "adduce the facts essential to opposing summary judgment" is incomplete discovery, the party's explanation (i.e., the third requirement) should: (i) "show good cause for the failure to have discovered the facts sooner"; (ii) "set forth a plausible basis for believing that specific facts ... probably exist"; and (iii) "indicate how the emergent facts ... will influence the outcome of the pending summary judgment motion."  Thus, in a case involving incomplete discovery, the Rule 56(d) proffer requirements can be

---

[5]  Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify is opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

categorized as: "authoritativeness, timeliness, good cause, utility, and materiality."
"[T]hese requirements are not inflexible and .... one or more of the requirements
may be relaxed, or even excused, to address the exigencies of a given case."  When
all the requirements are satisfied, "a strong presumption arises in favor of relief."

*In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 – 44 (1st Cir. 2014) (citations omitted) (quoting

*Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)).

Plaintiff has failed to demonstrate that the requested discovery or evidentiary hearing

would "adduce the facts essential to opposing summary judgment." (*Id.*)  That is, Plaintiff has not

demonstrated that the proposed discovery and hearing would generate evidence that would

controvert the following essential facts: (a) that Defendants did not search the items obtained from

Ms. Williamson, (b) that Ms. Bisson delivered the items searched to Defendants, and (c) that

Defendants searched the items obtained from Ms. Bisson pursuant to a valid search warrant

secured based in part on the information Ms. Bisson provided voluntarily.

## C. Motions to Amend or Join/Motion for Relief from Judgment

### 1. *Plaintiff's Motion to Amend the Complaint (ECF No. 74)*

Plaintiff seeks leave to introduce a new pleading "to amend any deficiency in the former

complaint, and clarify the claim for each defendant."  (ECF No. 74.)  The proposed amended

complaint filed by Plaintiff with his motion to amend (ECF No. 74-1) is the same pleading as

Plaintiff's current complaint (ECF No. 58-1).[6]  Plaintiff subsequently filed a motion to amend with

a more extensive proposed amended complaint.  (ECF No. 117.)

### 2. *Plaintiff's Motion to Add the United States as a Defendant (ECF No. No. 83)*

Through his motion to add the United States, Plaintiff seeks leave to join the United States

as a defendant "pursuant to the authority of 28 U.S.C. § 2501."  (ECF No. 83.)

---

[6] When the Court granted Plaintiff's request for leave to amend to proceed on the operative complaint (ECF No. 58-1), the Court denied leave to amend the claim against Defendants Frichittavong and Noronha.  (ECF No. 77.)  Plaintiff has repeatedly failed to state an actionable claim against these Defendants.

3.      *Plaintiff's Motion for Relief from Judgment (ECF No. 116)*

Plaintiff requests that the Court reconsider its dismissal of Andrew Schulman, Darika Frichittavong, and Marian Noronha because he maintains he is able to amend his pleadings to state a claim.

4.      *Plaintiff's Motion for Leave to Amend (ECF No. 117)*

Plaintiff filed a motion to amend and a proposed amended complaint (ECF No. 117-1). The 23-page document seemingly expands upon the allegations regarding Defendants Schulman, Frichittavong, and Noronha.  (*Id.* ¶¶ 29, 36.)  Plaintiff also attempts to assert claims against AUSA Gunnison (who prosecuted the criminal case), AUSA Ollila (who is defending this civil case), United States Attorney Emily Rice (apparently as a supervisor), and the United States.  Plaintiff alleges that Defendants Ollila and Rice conspired to intimidate Ms. Bisson to obtain false testimony.  Plaintiff's claim against the United States is asserted as a FTCA claim.  (*Id.* at p. 22.)

<u>*Analysis of Motions to Amend/Motion for Relief from Judgment*</u>

By Rule, the Court may grant leave to amend a complaint upon motion, and the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, a motion to amend is appropriately denied for any adequate reason apparent from the record, including futility of the proposed amendment, lack of a useful purpose, and bad faith or dilatory motive on the part of the movant.  *Todisco v. Verizon Commc'ns, Inc.,* 497 F.3d 95, 98 (1st Cir. 2007); *Villanueva v. United States*, 662 F.3d 124, 127 (1st Cir. 2011).  When assessing futility, the district court applies the standard that governs motions to dismiss under Fed. R. Civ. P. 12(b)(6).  Accordingly, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)).

A court, however, does not credit "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir.2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir.1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim"). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Consequently, in assessing whether a plaintiff has asserted a cause of action, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

### Proposed claims against the United States

In support of his request to add the United States as a defendant (ECF No. 83), Plaintiff cites a statute that applies to court proceedings in the United States Court of Federal Claims. 28 U.S.C. §§ 2501 – 2522. This Court is not the Court of Federal Claims. Plaintiff's request for leave to amend to assert such a claim is futile.

In his proposed amended complaint (ECF No. 117-1), Plaintiff attempts to assert a claim under the Federal Tort Claims Act based on the alleged unlawful searches and seizures. He evidently seeks to allege a direct tort claim and a claim based on the failure of the FBI and ICE to respond favorably to his administrative tort claim. (*Id.* at 22 – 23.)

The waiver of sovereign immunity provided by 28 U.S.C. § 1346(b) waives sovereign immunity "with regard to acts or omissions of law enforcement officers of the United States government" for certain specified intentional torts "arising out of assault, battery, false

imprisonment, false arrest, malicious prosecution, and abuse of process." 28 U.S.C. § 2680(h). However, the waiver is limited to "circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."   *Id.* § 1346(b)(1).   In other words, because a private citizen would not be liable for a claim advanced on the basis of constitutional rights related to search and seizure, the waiver does not extend to claims involving unlawful search and seizure or similar constitutional claims.  *Webb v. Desan*, 250 Fed. App'x 468, 471 (3d Cir. 2007) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.... [T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.")); *see also United States v. Olson,* 546 U.S. 43, 44 – 46 (2005) (reversing Ninth Circuit precedent that permitted courts to base a waiver of sovereign immunity under the FTCA on a finding that local law would make a state or municipal entity liable, and emphasizing that the FTCA provides for a waiver under circumstances where a private person would be liable to the claimant for similar conduct).[7]

Plaintiff's request for leave to amend to assert his search and seizure claim against the United States is thus futile.  Additionally, Plaintiff's proposed "abuse of process" claim is also futile because Plaintiff relies upon conduct (i.e., the FBI's alleged failure to make a disposition and ICE's alleged denial of his FTCA administrative claims) for which a private citizen would not be liable under state law.[8]

---

[7] Additionally, the United States District Court lacks jurisdiction over claims arising out of the detention of property based on the exception to the FTCA's waiver of sovereign immunity found at 28 U.S.C. § 2680(c).  *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008) ("Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers."); *Krug v. United States*, 442 Fed. App'x 950, 951 (5th Cir. 2011) (per curiam); *Crawford v. U.S. Dep't of Justice*, 123 F. Supp. 2d 1012, 1014 (S.D. Miss. 2000) (collecting cases).

[8] Through his attempt to amend his complaint to make the United States, Plaintiff arguably acknowledges that a claim against the United States is Plaintiff's "exclusive remedy" for "loss of property, or personal injury … arising or

<u>Proposed claim against defense counsel</u>

Plaintiff requests leave to join as additional defendants United States Attorney Emily Rice and AUSA Terry Ollila, and to assert claims of abuse of process and deprivation of equal protection.  Plaintiff cites their involvement in the filing of Ms. Bisson's declaration as a basis for their potential liability.   Under New Hampshire law,

> [a] party claiming abuse of process must prove the following elements:  (1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designed and (5) caused harm to the party (6) by the abuse of process.

*Tessier v. Rockefeller*, 162 N.H. 324, 335, 33 A.3d 1118, 1126 – 27 (2011).  Simply stated, the filing of a witness declaration in support of a summary judgment motion is not an abuse of process because a declaration is not process and its filing does not accomplish a purpose other than the purpose for which it was employed (i.e., to get to the merits of Plaintiff's *Franks*-based civil claim).  *Cf. Bradbury v. GMAC Mortgage, LLC*, 780 F. Supp. 2d 108, 111 (D. Me. 2011) ("Even if the challenged affidavits and certifications used here are 'process,' their use … does not satisfy [the] 'improper' use requirement.  They were used to win the foreclosure lawsuits, and that is a proper use of such documents." (footnote omitted)).  Moreover, the fact that Defendants are providing a defense to federal officers who participated in an immigration-related investigation does not plausibly suggest national origin discrimination or disparate treatment that would support an equal protection claim.  Plaintiff's proposed amendment, therefore, is futile.

---

resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C.A. § 2679(b)(1).  Plaintiff's tort claims against Defendants Bleezarde, Clouthier, and Galway are thus not actionable.

<u>Amended allegations regarding previously dismissed Defendants</u>

Plaintiff's latest attempt to assert claims against Defendants Frichittavong, Noronha, and Schulman fails.  In fact, the only material difference between his latest proposed allegations and his prior allegations consists of the following: "after September 11, 2001, many government officials started discriminating against people who are Arabs or Muslims or perceived as Arabs or Muslims, [and] treated these people in a different way based only on these people's ethnicity and national origin."  (Proposed Am. Compl. at 9, 18, 20, ECF No. 117-1.)  Defendants Frichittavong, Noronha, and Schulman are not government officials and Plaintiff's allegation of a generalized prejudice against persons of a particular religion, race or national origin is insufficient to state claims against Defendants and does not warrant reconsideration of the Court's prior orders dismissing Defendant Schulman (ECF No. 27/34) and Defendants Frichittavong and Noronha (ECF No. 62/77).

<u>Proposed amendments regarding the remaining defendants</u>

Plaintiff asserts that Defendants Bleezarde and Galway tried to recruit him after his arrest, with a threat of deportation, to become an informant and visit mosques to convince Muslims to carry out acts of terrorism.  (Proposed Am. Compl. ¶ 16.)  Plaintiff's claims simply do not state a cause of action, and no further discussion of Plaintiff's baseless allegations is necessary.

<u>Plaintiff's due process and equal protection claims</u>

Plaintiff maintains that Defendants Bleezarde, Clouthier, and Galway violated his Fifth Amendment right to procedural due process in connection with his personal property. Administrative remedies for property damage caused by federal officers are sufficient post-deprivation remedies and preclude Plaintiff's Fifth Amendment claim for denial of due process. *Lewis v. Weiss*, No. 1:12-cv-07242, 2016 WL 1718251, at *7 (S.D.N.Y. Apr. 27, 2016); *Jones v.*

*Fed. Bureau of Prisons*, No. 1:11-cv-04733, 2013 WL 5300721, at *13 (E.D.N.Y. Sept. 19, 2013); *see also* 31 U.S.C. §§ 3723, 3724.  Plaintiff, therefore, has not stated a due process claim.

Plaintiff also alleges that his civil rights were violated because he is an Egyptian national. Plaintiff's equal protection claim is wholly conclusory, particularly given that Plaintiff has not otherwise established a deprivation of his civil rights.  The mere fact that Plaintiff is an Egyptian national does not entitle him to protection against investigation on immigration charges, and does not entitle him to protection against prosecution or deportation.  In sum, Plaintiff has not asserted any facts that would support an equal protection claim.

**D.    Summary Judgment Analysis**

Preliminarily, to the extent Plaintiff seeks to amend his motion for summary judgment to clarify that his motion includes a request for summary judgment on all of the claims he has asserted, Plaintiff's motion is granted.  To the extent Plaintiff's motion and his proposed amended motion are construed to assert claims not alleged prior to the filing of Defendants' motion for summary judgment, or to assert claims against Defendants who were previously dismissed from this case, Plaintiff's motion is denied.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015).  If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists and summary judgment must be denied as to any supported claim. *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)).  Unsupported claims are properly dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 – 24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

Where both parties have filed motions for summary judgment on the same claim or issue, the standard of review is applied to each motion separately.  *Mandel v. Boston Phoenix, Inc.*, 456 F.3d 198, 205 (1st Cir. 2006) ("The presence of cross-motions for summary judgment neither dilutes nor distorts this standard of review.").  Accordingly, the court must determine "whether either of the parties deserves judgment as a matter of law on facts that are not disputed."  *Adria Int'l Group, Inc. v. Ferré Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001).

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  "With few exceptions, the question whether a warrantless search of a home is reasonable and hence constitutional must be answered no."  *Kyllo v. United States,* 533 U.S. 27, 31 (2001).  The protections extend to apartments and rented rooms, and thus a landlord may not

consent to a warrantless search of a rental property occupied by a tenant.  *Chapman v. United States,* 365 U.S. 610, 616 – 17 (1961).  To establish the deprivation of an interest that the Fourth Amendment was designed to protect, a person must demonstrate a legitimate expectation of privacy in the area searched, in relation to the items seized.  *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).

The summary judgment record establishes that Defendants did not obtain Plaintiff's personal property items unlawfully.  Two individuals (Ms. Bisson and Ms. Williamson) in possession of the items voluntarily gave the property to Defendants.  The individuals' consent to the removal of items of property supplied an exception to the warrant requirement.  *Fernandez v. California*, 134 S. Ct. 1126, 1132 (2014); *United States v. Gamache*, 792 F.3d 194, 198 (1st Cir. 2015); *United States v. Cordero-Rosario*, 786 F.3d 64, 74 (1st Cir. 2015).  In addition, Defendants did not search the items without a warrant.  In fact, Defendants did not even search the computer or other media items obtained from Ms. Williamson.  (Bleezarde Affidavit, ¶ 14, ECF No. 134-1.)

Plaintiff nevertheless argues that he is entitled to summary judgment because Defendants obtained the property through coercion.  Plaintiff's contention that Defendants secured the property from Ms. Williamson and Ms. Bisson through coercive means is not supported by the record.  The purported declarations of Ms. Williamson and Ms. Bisson, upon which declarations Plaintiff relies to support his coercion argument, are unsigned.[9]  The unsigned declarations have no evidentiary value and therefore cannot be relied upon to overcome Defendants' summary judgment motion.  *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 120 (1st Cir. 2005) (affirming summary judgment against Plaintiff who relied on unsigned affidavit to raise an issue for trial); *Banks v. Deere*, __ F.3d __, No. 15-2058, 2016 WL 3769553, at *6 (8th Cir. July 14, 2016)

---

[9] The declarations bear only a "/s/" signature.  (ECF No. 81.)

(unsigned affidavits and declarations are "incompetent and inadmissible evidence"); *Wingz & Thingz 1 v. Penn-Star Ins. Co.*, 547 Fed. App'x 766, 767 (6th Cir. 2013) ("district court properly rejected plaintiff's unsigned and unsworn 'affidavits'").[10]

Plaintiff's reliance on the unsigned declaration of Ms. Bisson is particularly problematic. Defendants have presented compelling evidence that not only is the Bisson declaration filed by Plaintiff unsigned, but that Ms. Bisson did not communicate with Plaintiff regarding the declaration. In fact, Ms. Bisson specifically disavows the assertions made in the declaration. In particular, in a subsequent, signed declaration, Ms. Bisson asserts:

> AUSA Ollila provided me with a copy of the declaration that Omran submitted to the Court. After reviewing the declaration, I informed AUSA Ollila that the document was a fabrication. I also indicated: (a) that I had not spoken with Omran since the time of his arrest on August 30, 2012; (b) that I was not the author of the declaration submitted by Omran; (c) that I had no knowledge of the declaration submitted by Omran until AUSA Ollila informed me of its existence; (d) that SA Bleezarde and SA Galway never threatened me in any way and never advised that I could be prosecuted for facilitating Omran's illegal activity.

(Bisson Declaration, ECF No. 100.)[11]

Defendants have thus demonstrated that Plaintiff filed a declaration that Ms. Bisson did not author or otherwise authorize. While Plaintiff's filing of the declaration presents other issues for the Court's consideration, at a minimum, the declaration is of no evidentiary value and does not support Plaintiff's request for summary judgment, or his objection to Defendants' motion for summary judgment. The uncontroverted evidence thus establishes that Defendants came to

---

[10] Even if one considered the declarations, Ms. Williamson's proposed statement that she felt compelled to consent because she had nothing to hide would fall far short of demonstrating that her consent was the product of coercion. *United States v. Bey*, 825 F.3d 75, 77 (1st Cir. 2016).

[11] Although Defendants filed Ms. Bisson's declaration refuting Plaintiff's filing in support of a motion for sanctions (ECF Nos. 97, 100), because the motion for sanctions was filed in response to Plaintiff's summary judgment filing, given the serious nature of the issue generated by Ms. Bisson's declaration, it is reasonable and appropriate to consider the declaration as part of the summary judgment record.

possess the property lawfully and searched the property only after securing a warrant.  Defendants, therefore, are entitled to summary judgment; Plaintiff is not entitled to summary judgment.

## E.     Motions for Sanctions

### 1.   *Plaintiff's Motion to Hold the Federal Defendants in Contempt of Court (ECF No. 80); Plaintiff's Motion to Strike the Two Declarations by Karen Bisson Submitted by the Federal Defendants (ECF No. 115)*

Plaintiff asserts that he spoke with Ms. Bisson in May 2016 (after Defendants filed their motion for sanctions), and that she stated she never provided Defendants with the declaration on which they rely to support their summary judgment motion and that the second declaration was obtained through coercion and threats.[12]  Plaintiff also contends Defendants have either fabricated the first declaration from Ms. Bisson or are suborning false testimony.  He asks the Court to strike the declaration filed by Defendants.

The declarations filed by Defendants include an inked signature, and the record is devoid of any evidence to support Plaintiff's allegation.  In short, Plaintiff's assertions are without merit.

### 2.   *Federal Defendants' Motion for Sanctions (ECF No. 97)*

Defendants Bleezarde, Clouthier, and Galway request that the Court dismiss Plaintiff's action as a sanction for violations of Rule 11, which violations Defendants contend are evident from Plaintiff's submission of a false declaration from Ms. Bisson.  Defendants also ask the Court to strike Plaintiff's motions and objections that rely on the false declaration, and that Plaintiff be enjoined from filing further actions against Defendants without prior leave of court.  Citing docket item (ECF No.) 14 in *Omran v. United States*, 1:14-cv-13881 (D. Mass.), Defendants note that

---

[12] In an omnibus objection to Plaintiff's discovery/sanction motions (ECF Nos. 111, 112, 113, 114, 115), Defendants argue that Plaintiff's tactics reflect "an unrelenting effort to continue to manipulate the judicial system by engaging in outrageous and abusive conduct, all as a means to further harass the Federal Defendants and delay his deportation from the United States."  (ECF No. 133 at 3.)  They request that all of the motions be denied on that basis and that the Court stay all discovery pending its ruling on the dispositive motions.  (*Id.*)

Plaintiff previously filed suit against Ms. Bisson, alleging that she participated in a conspiracy with Defendants by allowing them to search his computer.

As explained above, the record plainly establishes that Plaintiff filed a declaration not authorized or authored by the named declarant (Ms. Bisson).  Furthermore, based on Ms. Bisson's signed declaration (ECF No. 100), the material factual assertions in the declaration are false.  Under such circumstances, a severe sanction, including the ultimate sanction of dismissal, could be warranted.  That is, dismissal is appropriate when a party commits a fraud on the court.  *See* Fed. R. Civ. P. 11(c), 41(b)[13]; *see also*, *e.g.*, *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) ("[A] federal district judge can order dismissal or default where a litigant has stooped

---

[13] Rule 11 imposes the following requirement concerning all representations made by attorneys and unrepresented parties in litigation:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> …;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Rule 11 authorizes the Court to impose sanctions for a violation of its requirements, upon "notice and a reasonable opportunity to respond."  Fed. R. Civ. P. 11(c)(1).  Rule 11 also speaks to the nature of the appropriate sanction:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).  "Ultimately, imposing sanctions under Rule 11 is committed to the sound discretion of the court."  *Vrusho v. Creative Transp. Servs., Inc.*, No. 1:13-cv-11724, 2013 WL 6909446, at *2 (D. Mass. Dec. 31, 2013).  Rule 41 also implicitly recognizes the power of a court to dismiss an action based on a plaintiff's failure to comply with the rules.  Fed. R. Civ. P. 41(b).

to the level of fraud on the court."); *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999) ("Although dismissal with prejudice is a permissible judicial sanction for fraud on the court, ... the general rule is that before dismissing a suit with prejudice as a sanction for misconduct a court should consider the adequacy of a less severe sanction ....  But we do not think that such consideration is necessary in a case in which the plaintiff's fraud is criminal in character and would if undetected destroy a legitimate and dispositive defense.  Such behavior is so egregious, inexcusable, and destructive that no lesser sanction than dismissal with prejudice could be adequate." (citations omitted)); *cf. Heath v. Walters*, 151 F.3d 1032 (7th Cir. 1998) (affirming dismissal with prejudice based on pro se litigant's filing of a false affidavit of poverty in support of application to proceed *in forma pauperis*).

"A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense."  *Aoude*, 892 F.2d at 1118.  Here, the evidence, most notably the May 27, 2016, declaration of Ms. Bisson (ECF No. 100), establishes "clearly and convincingly" that Plaintiff has engaged in conduct designed to "interfere with the judicial system's ability impartially to adjudicate" this matter. (*Id*.)  Indeed, Plaintiff not only filed a fraudulent declaration, but in a motion accused Defendants of filing a fraudulent declaration.

In the event the Court determines Defendants are entitled to summary judgment and the dismissal of certain claims due to Plaintiff's failure to assert sufficient facts, the consideration of whether dismissal is warranted based on fraud upon the court is arguably unnecessary.  If, however, the Court does not adopt the recommendation on summary judgment, under the circumstances, to

permit the case to proceed against Defendants Bleezarde, Clouthier, and Galway, would, in my view, minimize the significance of Plaintiff's unacceptable conduct.

Plaintiff is not unfamiliar with the federal court process. Given his extensive history as a party to civil litigation,[14] he is aware of a party's obligations to the Court and the judicial system. Plaintiff's conduct can only be characterized as egregious and inexcusable. In short, in the event the Court does not otherwise dispose of Plaintiff's claims as recommended herein, dismissal of Plaintiff's claims against Defendants Bleezarde, Clouthier, and Galway is necessary "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).[15]

CONCLUSION

Based on the foregoing analysis, I:

1. Grant in part and deny in part Plaintiff's Motion to Amend Summary Judgment Motion. (ECF No. 124.)

2. Deny Plaintiff's motions to amend. (ECF Nos. 74, 83, 117.)

3. Deny Plaintiff's Motion for Hearing. (ECF No. 79.)

4. Deny Plaintiff's Motion to Compel Attendance of Deponents. (ECF No. 111.)

5. Deny Plaintiff's Motion to Compel Discovery. (ECF No. 112.)

6. Deny Plaintiff's Motion to Depose by Oral Examination. (ECF No. 113.)[16]

---

[14] *Abdallah Omran v. United States*, 1:14-cv-00505 (D.N.H.) (dismissal affirmed on appeal); *Omran v. Assistant U.S. Attorney*, 1:15-cv-00406 (D.N.H.) (dismissal affirmed on appeal); *Omran v. Laplante*, 1:16-cv-00005 (D.N.H.) (appeal from order of dismissal pending); *Omran v. United States*, 1:14-cv-13881 (D. Mass.) (appeal from order of dismissal pending).

[15] One of the Defendants, Defendant Lange, has not moved for summary judgment. Because Defendant Lange is not a party to the motions for summary judgment or the motion for sanctions, while Plaintiff's conduct might warrant dismissal of the entire action, I make no recommendation as to Plaintiff's claims against Defendant Lange.

[16] In the event Plaintiff intended his motion to compel discovery (ECF No. 112) and his motion to depose by oral examination (ECF No. 113) to be a general request for discovery and not a request under Federal Rule of Civil

7.  Deny Plaintiff's Motion to Strike.  (ECF No. 115.)

8.  Grant Defendants' Motion to Extend Time to Object/Respond.  (ECF No. 131.)

I also recommend the Court:

1.  Grant Defendants Bleezarde, Clouthier, and Galway's Motion for Summary Judgment on Plaintiff's central Fourth Amendment claim.  (ECF No. 68.)

2.  Deny Plaintiff's Motion for Summary Judgment.  (ECF No. 81.)

3.  Dismiss Plaintiff's due process and equal protection claims for failure to state a claim.

4.  Dismiss Plaintiff's tort claims for want of jurisdiction.

5.  In the event the Court does not adopt the recommendation on the motions for summary judgment, grant Defendants Motion for Sanctions (ECF No. 97) and dismiss Plaintiff's claims against Defendants Bleezarde, Clouthier, and Galway.

6.  Grant Defendants Frichittavong and Noronha's Motion to Strike Plaintiff's Motion for Summary Judgment as to said Defendants.  (ECF No. 84.)

7.  Deny Plaintiff's Motion to Hold the Federal Defendants in Contempt of Court.  (ECF No. 80.)

8.  Deny Plaintiff's Motion for Relief from Judgment.  (ECF No. 116.)

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72.

With respect to the order on non-dispositive matters, a party may serve and file objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section

---

Procedure 59(d), if the Court adopts the recommendation on the dispositive motions, Plaintiff's requests would be moot.

636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.  Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of August, 2016.