UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MOHAMMED ABDALLAH OMRAN, )
)
    Plaintiff, )
)
v. ) 1:15-cv-00190-DBH
)
PHILIP BLEEZARDE, et al., )
)
    Defendants )

**RECOMMENDED DECISION ON CLAIM AGAINST DEFENDANT LANGE
AFTER REVIEW PURSUANT TO 28 U.S.C. § 1915**

In this action, Plaintiff alleges Defendants violated his constitutional rights in connection with the search and seizure of his property in 2012 and subsequent proceedings. On September 27, 2016, the Court granted summary judgment to all defendants other than Defendant Bjorn Lange, a federal defender. (ECF No. 145.) Defendant Lange did not move for summary judgment.

After a review of Plaintiff's pleadings in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's claims against Defendant Lange.[1]

---

[1] Because 28 U.S.C. § 1915(e)(2) provides that a "court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious [or] fails to state a claim upon which relief may be granted," the Court can dismiss a claim or action even after the filing of a motion for summary judgment. *See Doherty v. Donahoe*, 985 F. Supp. 2d 190 (D. Mass. 2013); *Barrett v. Pearson*, 355 F. App'x 113, 116 (10th Cir. 2009); *Crain v. Menchaca*, No. 3:12-cv-04063-L, 2015 WL 464391, at *1, 2015 U.S. Dist. LEXIS 13385, at *1 – *2 (N.D. Tex. Feb. 4, 2015).

## BACKGROUND

The facts set forth herein are derived from Plaintiff's proposed second amended complaint (ECF No. 58-1), which includes slightly more factual detail than Plaintiff's first amended complaint. (ECF No. 30.) Plaintiff's factual allegations are deemed true for purposes of this recommended decision.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

Plaintiff alleges that Defendant Lange, a federal defender, conspired with the Government to deprive Plaintiff of his rights because he is an Egyptian national. Plaintiff also asserts a claim of "legal malpractice" against Defendant Lange. (Am. Compl. at 1, ECF No. 58-1.)

Plaintiff was arrested on immigration charges on August 30, 2012. (*Id.* ¶ 11.) Defendant Lange was Plaintiff's first counsel on federal charges asserted under 18 U.S.C. § 911. The docket for criminal case number 12-cr-00117 reflects that Defendant Lange was appointed September 13, 2012.

After his initial interview with Plaintiff, Defendant Lange shared Plaintiff's addresses and certain contacts with federal agents. (*Id.* ¶ 13.) In connection with their visit to two addresses, federal agents seized certain property owned by Plaintiff. (*Id.* ¶¶ 14 – 15.)

According to Plaintiff, he instructed Defendant Lange to file a motion for return of the property, but Defendant Lange refused to file the motion. (*Id.*) On December 3, 2012,

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate.

Plaintiff filed a pro se motion requesting substitute counsel, and a pro se motion for the return of seized property. (Case No. 12-cr-00117, ECF Nos. 15, 17.) The Court granted the motion to substitute the following day.

Plaintiff alleges that Defendant Lange deprived Plaintiff of his constitutional right of effective assistance of counsel, engaged in malpractice when he turned over information about Plaintiff's addresses and contacts, and conducted an illegal search when he allegedly reviewed the content of Plaintiff's computer, which was one of the items seized. Plaintiff also alleges that Defendant Lange conspired with federal agents to deprive Plaintiff of his constitutional protections based on Plaintiff's ethnicity or national origin. In addition, Plaintiff attempts to assert claims of invasion of privacy, negligence, abuse of process, and discrimination. (*Id.* ¶ 33; *see also id.* at 1.)[3]

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case *at any time* if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis supplied).

---

[3] Plaintiff's more recent proposed amended complaints do not contain materially different allegations regarding the claims against Defendant Lange. (ECF Nos. 74-1, 117-1.) In filing 117-1, Plaintiff suggests that Defendant Lange should have filed a motion for a *Franks* hearing and he alleges that Defendant Lange is a federal officer for purposes of *Bivens*. (ECF No. 117-1, ¶ 35.)

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

**A.     Federal Claims**

"[F]ederal defenders do not act under color of federal law when representing clients in federal criminal proceedings and are therefore not subject to suit under *Bivens*." *Barnett v. Levin,* No. 1:12–cv–00518–JJM, 2013 WL 684454, at *2, 2013 U.S. Dist. LEXIS 26205, at *6 (D.N.H. Feb. 25, 2013); *see also Haley v. Walker,* 751 F.2d 284, 285 (8th Cir. 1984); *Cox v. Hellerstein,* 685 F.2d 1098, 1099 (9th Cir. 1982); *Richards v. Flynn,* 263 F. App'x 496 (7th Cir. 2008) (unpublished). Defendant Lange, therefore, is not a proper

4

defendant on a federal constitutional claim, such as a claim asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and arising under either the Fourth Amendment (search and seizure) or the Sixth Amendment (right to counsel).[4] In any event, Defendant Lange's alleged inaction regarding the return of property did not prejudice Plaintiff's ability to pursue the return of his property in a proceeding against the custodian, nor did it impair his right to "a fair trial" on the criminal charge, which was dismissed. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986); *Strickland v. Washington*, 466 U.S. 668, 691 – 92 (1984).

Plaintiff also cites 42 U.S.C. §§ 1985 and 1986 as bases for his claim. The cited statutory framework creates a private right of action against, inter alia, "two or more persons" who "conspire to deter, by force, intimidation, or threat, any party … in any court of the United States from attending … or from testifying …, or to injure such party … in his person or property on account of his having so attended or testified." *Id.* § 1985(2). Persons with knowledge of such a conspiracy can be liable for neglecting to prevent the conspiracy, if they have the power to do so. *Id.* § 1986. Plaintiff does not assert that Defendant Lange's alleged sharing of address and contact information with federal agents related in any way to his attendance in court or his testimony. Section 1985(2) also authorizes a claim where "two or more persons conspire for the purpose of impeding,

---

[4] The Court granted summary judgment to the federal agents, concluding that a genuine issue of material fact does not exist in relation to Plaintiff's claim that the federal agents violated Plaintiff's civil rights in connection with the seizure of Plaintiff's property. In the absence of a genuine issue as to whether the agents violated Plaintiff's constitutional rights, there can be no conspiracy-based liability for Defendant Lange. *Earle v. Benoit*, 850 F.2d 836, 845 (1st Cir. 1988).

hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2). Despite multiple pleadings, Plaintiff has offered no facts that would support a discrimination or conspiracy claim. Rather, Plaintiff's claims of discrimination and conspiracy are wholly conclusory and not actionable. *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) ("In evaluating the sufficiency of the complaint, we first disregard all conclusory allegations that merely parrot the relevant legal standard."). Plaintiff has thus failed to assert an actionable claim under § 1985, which failure also precludes a § 1986 claim. *Maymi v. Puerto Rico Ports Auth.*, 515 F.3d 20, 31 (1st Cir. 2008).

**B.    State Claims**

Plaintiff's remaining claims are all state law claims. Absent an independent basis for subject matter jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), upon the dismissal of Plaintiff's federal claims, dismissal of the supplemental state law claims is also appropriate. The only potential basis for subject matter jurisdiction other than supplemental jurisdiction is diversity jurisdiction.

Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of a State and citizens or subjects of a foreign state…." 28 U.S.C. § 1332(a)(2). As a citizen of a foreign country, Plaintiff has diverse citizenship for purposes of the diversity jurisdiction statute.

6

*Id.* Plaintiff, however, must also establish that the jurisdictional amount is satisfied. *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42 (1st Cir. 2012). Plaintiff can satisfy this burden with factual allegations alone (affidavits are not required), provided the allegations support the conclusion "that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Id.*; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining in the context of removal jurisdiction that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

Although Plaintiff requests a multi-million dollar damage award in his most recent proposed amended complaint (ECF No. 117-1 at 23), he has asserted no facts that could plausibly support a damage award in excess of $75,000. Plaintiff's principal allegations are that Defendant Lange shared with law enforcement the location of Plaintiff's residences after Plaintiff was arrested and that Defendant Lange failed to file a motion for the return of Plaintiff's property. Even when Plaintiff's allegations are deemed true, Plaintiff has failed to allege any facts to support the conclusion that Plaintiff was harmed in any material way. That is, the amended complaint lacks any basis upon which a fact finder could reasonably conclude that the location of Plaintiff's residences were not otherwise not discoverable by the Government, or that the value of the property that should have been the subject of a motion for the return of property[5] would satisfy the threshold monetary

---

[5] In a pro se motion for the return of property filed in the criminal matter, 1:12-cr-117-JL, Plaintiff identified the property as a Sony laptop computer, 33 CD/DVDs of software, one checkbook, miscellaneous paperwork, one set of automobile keys, a State of New Hampshire Vehicle Title, two external computer hard-drives, four internal computer hard-drives, an Apple laptop, and a digital camera memory card. (Motion, 1:12-cr-117-JL, ECF No. 17-1.)

requirement for diversity jurisdiction. In short, to the extent Plaintiff has asserted any facts that could support a finding that he was harmed by Defendant Lange's representation, Plaintiff has failed to allege any facts that would plausibly support a damage award of more than $75,000. The Court, therefore, lacks jurisdiction over Plaintiff's state law claims.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's claims against Defendant Lange.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of May, 2017.