# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE


| | |
|---|---|
| MOHAMMED ABDALLAH OMRAN,  )<br>                                                      )<br>              PLAINTIFF               )<br>                                                      )<br>      v.                                          )      CIVIL NO. 1:15-cv-190-DBH<br>                                                      )<br>BJORN LANGE, ET AL.,               )<br>                                                      )<br>              DEFENDANTS          ) | |


## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On May 4, 2017, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision on Claim Against Defendant Bjorn Lange (ECF No. 158). The plaintiff filed objections to the Recommended Decision on May 18 and 19, 2017 (ECF No. 159, 160). I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with one of the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, modify another as described below, and determine that no further proceeding is necessary.

The Magistrate Judge first recommended dismissal of all federal claims against this defendant, a federal defender who was the plaintiff's first defense

counsel on federal criminal charges. I agree with that recommendation completely, for the reasons the Magistrate Judge gave.

Next, the Magistrate Judge considered whether diversity of citizenship would support continuing federal jurisdiction over the state law claims. (This appears to be the first time anyone has suggested that diversity of citizenship might be a basis for federal jurisdiction in this case.) The Magistrate Judge concluded that the plaintiff did not satisfy the required jurisdictional amount of damages (over $75,000) to support diversity jurisdiction, 28 U.S.C. § 1332(a), and recommended that the state claims be dismissed outright. The plaintiff objected, stating:

> plaintiff has suffered severe psychological; and emotional distress and tried to commit suicide as a direct result of the defendant's misconduct. Plaintiff has been harmed physically (contrary to the magistrate judge's erroneous assertions) and has lost valuable and priceless digital files including family photos, E-mails, financial documents, private journals and other personal digital files that could not be evaluated. Plaintiff's own estimation is the amount in the complaint which triggers the jurisdiction of the federal court.[1] The magistrate judge's opinion is clearly erroneous because there is no estimated amount of money that could compensate the plaintiff for his valuable personal digital files that was lost and that was store on the computer's hard drive that the government never returned to plaintiff.

Pl.'s Opp'n to Report & Recommendation 4–5 (ECF No. 160).

The burden to support jurisdiction lies with the party asserting it, see Massachusetts School of Law at Andover, Inc. v. American Bar Association, 142

---

[1] [Court's footnote] The plaintiff had not pleaded an amount of damages at the time of removal, but he did request $10 million in his prayer for relief in his most recent proposed amended complaint filed on June 27, 2016, Proposed Am. Compl. 23 (ECF No. 117-1) ("the sum of ten million dollars as compensatory and punitive damages for the loss of enjoyment of life, loss of and damage to property, past, present, and future pain and suffering").

2

F.3d 26, 33 (1st Cir. 1998), here the plaintiff. This plaintiff did not initially seek federal jurisdiction, but originally filed his lawsuit in state court and, in doing so, nowhere did he allege the citizenship of any of the parties, including himself (he did allege the defendants' addresses in New Hampshire, Compl. ¶¶ 1–7 (ECF No. 1-1), which turn out to be work addresses for all but perhaps two, Second Am. Compl. ¶¶ 1–7 (ECF No. 58-1)).[2] He also mentioned no amount of damages, but referred to "severe emotional distress, anxiety, mental injury due to the actions of the defendants. Further, plaintiff lost his property." Compl. ¶ 15 (ECF No. 1-1). The only reference to property in the removed complaint was the assertion that certain defendants (not this one) "conducted an illegal, warrantless search and seizure" at a house in New Durham, New Hampshire "where the plaintiff had stored some of his property" and that a computer was seized.[3] Compl. ¶ 10 (ECF No. 1-1). The only assertion against this defendant in that complaint was that he had viewed the contents of the computer without authorization. Id. ¶ 11. Other defendants removed the lawsuit to this federal court (this defendant did not expressly join the removal), but the basis for the

---

[2] A New Hampshire Court document attached to the state court complaint lists Alexandria, Louisiana as the plaintiff's residence (ECF No. 1-1, at 2), but does not reveal his citizenship. The first amended complaint the plaintiff later filed in this court states that his residence was Methuen, Massachusetts. First Am. Compl. ¶ 12 (ECF No. 30). His most recent proposed amended complaint (ECF No. 117-1) filed June 27, 2016, while still invoking federal jurisdiction based solely upon federal question jurisdiction, id. at 2, states that he is a citizen of Egypt. Id. ¶ 29. That is consistent with an earlier defense affidavit. Decl. of Philip Bleezarde ¶ 4 (ECF No. 68-2) (stating also that the plaintiff is present in the United States illegally). Egyptian citizenship could support diversity jurisdiction under 28 U.S.C. § 1332(a)(2) (jurisdiction over civil actions between citizens of a state and a citizen or subject of a foreign state if the latter is not lawfully admitted for permanent residence in the United States and domiciled in the same state). However, the lawsuit could not have been removed on that sole basis if any of the defendants were citizens of New Hampshire. 28 U.S.C. § 1441(b)(2).

[3] The plaintiff later said that the computer was seized from his residence in Methuen, Massachusetts. First Am. Compl. ¶ 12 (ECF No. 30); see supra note 2.

3

removal was federal question jurisdiction, not diversity.  See Notice of Removal ¶¶ 1–3 (ECF No. 1).  Thus, the removal petition likewise does not contain the necessary information to establish diversity jurisdiction.  Indeed, were it not for federal question jurisdiction, this lawsuit probably would not have been removable based upon diversity of citizenship, because it seems likely that at least some of the defendants are citizens of New Hampshire,[4] see 28 U.S.C. § 1441(b)(2) (prohibiting removal based solely on diversity of citizenship if a defendant is a citizen of the state in which the state court lawsuit was filed).  Now the plaintiff apparently wants to stay in federal court.[5]  First Circuit cases make clear, however, that once the court questions the jurisdictional amount, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount," Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting Dep't of Recreation & Sports of Puerto Rico v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)), and that "we expect something more than bald statements and round numbers."  Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 43 (1st Cir. 2012).  But that is all the plaintiff offers here, as revealed in my quotation above from his objection.  His statements there are insufficient to sustain diversity jurisdiction on this record.

---

[4] As I said in text, there are no allegations of citizenship, but the plaintiff has alleged that several of the individual defendants worked in New Hampshire.

[5] Because the Magistrate Judge recommended outright dismissal, I am actually uncertain whether the plaintiff objects to continuing his lawsuit in state court, the proper forum for the state claims.

4

Since diversity jurisdiction does not exist, only supplemental jurisdiction under 28 U.S.C. § 1367 would permit the lawsuit to continue on the state claims in this federal court. But this court has discretion to dismiss the state claims once all the federal claims are dismissed. Id. § 1367(c)(3). I conclude that the proper remedy in this case is remand of the state claims to state court where the plaintiff first filed this lawsuit and from which it was removed, *i.e.*, Strafford County Superior Court, State of New Hampshire.[6] See 28 U.S.C. § 1447(c).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED IN PART** and **MODIFIED IN PART** as follows:

1. The plaintiff's federal claims against the defendant Lange are **DISMISSED**.

2. The plaintiff's state claims against the defendant Lange are **REMANDED** to the New Hampshire Superior Court for Strafford County.

**SO ORDERED.**

**DATED THIS 30TH DAY OF MAY, 2017**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[6] I also observe that the unknown custodian of the plaintiff's property, see First Am. Compl. ¶ 4 (ECF No. 30); Second Am. Compl. ¶ 4 (ECF No. 58-1) was never named or served. Consequently, the claims against the unknown custodian are **DISMISSED** without prejudice.